In re Petition for DISCIPLINARY ACTION AGAINST Susanne Marie GLASSER, a Minnesota Attorney, Registration No. 272978.

No. A11–2126.

Supreme Court of Minnesota.

Sept. 11, 2013.

## ORDER

On June 5, 2013, we suspended respondent Susanne Marie Glasser from the practice of law for a minimum of 30 days, effective 14 days from the date of the filing of the order. Respondent has filed an affidavit seeking reinstatement and the record establishes that she has fully complied with the terms of the suspension order, except for successful completion of the professional responsibility portion of the state bar examination. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Susanne Marie Glasser is conditionally reinstated to the practice of law in the State of Minnesota, subject to her successful completion of the professional responsibility portion of the state bar examination;

2. Respondent is placed on probation for a period of 5 years, subject to the following terms and conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for the release of information and documentation to verify respondent's compliance with the terms of this probation;

b. Respondent shall abide by the Minnesota Rules of Professional Conduct;

c. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription;

d. Respondent shall attend at least three weekly meetings of Alcoholic Anonymous or another support program acceptable to the Director. Respondent shall, by the 10th day of each month, without a specific reminder request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address, and telephone number of the person verifying the attendance. Such attendance verification shall also, upon request, be provided to respondent's supervisor, if any;

e. Respondent shall, at her own expense, no more than four times per month, submit to random urinalysis for drug screening at a facility approved by the Director and shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If, after 1 year, all such tests have been negative, then the frequency of the random tests may be reduced. Respondent shall cooperate with the phone-in program established by the

Director for the random test. Any failure to phone in in accordance with the random test program shall be considered the same as receipt of a positive test result. Any positive test result will be grounds for revoking this probation;

f. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 2 weeks from the date of the filing of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Respondent shall make active client files available to the Director upon request; and

g. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Glasser shall fully disclose to the supervisor in writing whether she has remained abstinent from alcohol and other mood-altering drugs. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request; and

2. By June 1, 2014, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension pending proof of successful completion of

the examination, pursuant to Rule 18(e)(3), RLPR.

BY THE COURT:

/s/_____

Alan C. Page
Associate Justice